UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ORLANDO B. BYRD,

                Plaintiff,

v.

CAROLYN W. COLVIN. Commissioner of Social Security,

                Defendant.

Case No. 3:12-cv-06059-BHS-KLS

REPORT AND RECOMMENDATION

Noted for January 31, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 7 2010, plaintiff filed an application for disability insurance benefits, and on

REPORT AND RECOMMENDATION - 1

June 17, 2010, he filed another one for SSI benefits, alleging in both applications disability beginning March 9, 2009. See ECF #15, Administrative Record ("AR") 16.  Both applications were denied administratively. See id.  A hearing was held before an administrative law judge ("ALJ") on April 19, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 480-505.

In a decision dated May 24, 2011, the ALJ determined plaintiff to be not disabled. See AR 16-20F.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 25, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 7; see also 20 C.F.R. § 404.981, § 416.1481.  On December 18, 2012, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3.  The administrative record was filed with the Court on February 26, 2013. See ECF #15.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed for an award of benefits because the ALJ erred: (1) in evaluating the opinions of Jesse McClelland, M.D., and Raymond West, M.D.; (2) in discounting plaintiff's credibility; and (3) in finding him to be capable of performing other jobs existing in significant numbers in the national economy.  For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. West – and thus in assessing plaintiff's residual functional capacity ("RFC") and in finding him to be capable of performing other jobs existing in significant numbers in the national economy – and therefore in determining her to be not disabled.  Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

# DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

REPORT AND RECOMMENDATION - 3

I. <u>The ALJ's Evaluation of Dr. West's Opinion</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Commissioner of the Social Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The record contains medical opinion evidence from Dr. West, as well as from Lynn L. Staker, M.D., both of whom are examining physicians. See AR 332-37, 455-59. With respect to that evidence, the ALJ found as follows:

> . . . Lynn Staker, M.D., performed a physical evaluation on February 2, 2011 and opined that the claimant was limited to sedentary work. She opined that the claimant had no postural, fine motor, or environmental restrictions (Exhibit 24F). The undersigned assigns significant weight to the opinion of Dr. Staker. She is an orthopedic surgeon and she performed a thorough examination.
>
> Raymond West, M.D., conducted a physical evaluation on October 14, 2010, and opined that the claimant could stand and walk for up to six hours in an eight-hour day with frequent breaks. He opined that the claimant could sit in

REPORT AND RECOMMENDATION - 5

> a comfortable chair for up to six hours in an eight-hour day provided the
> claimant could move about from time to time. Dr. West opined that the
> claimant could lift and carry 25 to 35 pounds at least occasionally and at least
> from one room to another. He opined that the claimant could bend at least
> occasionally and should rarely squat, kneel, crawl, climb, push and pull. Dr.
> West opined that the claimant had no manipulative limitations (Exhibit 15F).
> The undersigned assigns greater weight to the opinion of Dr. Staker than to
> that of Dr. West since Dr. Staker is an orthopedic surgeon.

AR 20C. Plaintiff argues the ALJ erred in giving more weight to the opinion of Dr. Staker than to that of Dr. West. The undersigned agrees that because Dr. West's opinion appears to be at least as – if not more – thorough than that of Dr. Staker, and because the record is not clear as to Dr. West's medical specialty, if any, the ALJ erred in finding as he did here.

Although the ALJ describes Dr. Staker's examination of plaintiff as being thorough, her evaluation report contains far less detail in regard to objective clinical findings and explanations than that of Dr. West. See AR 332-37, 455-59. This is a factor that actually favors giving greater weight to Dr. West's opinion. See 20 C.F.R. § 404.1527(c)(3) (providing that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion."); 20 C.F.R. § 416.927(c)(3). It also is true that in general "more weight" is given "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist" (see 20 C.F.R. § 404.1527(c)(5), § 416.927(c)(5)), and that the record indicates, as noted by the ALJ, that Dr. Staker is an orthopedic surgeon (see AR 455, 457-59).

The undersigned agrees with plaintiff, though, that because the record is silent as to whether Dr. West is also a specialist, giving greater weight to the opinion of Dr. Staker on the basis that she is a specialist is not clearly warranted in this case, particular given that as just discussed Dr. West's opinion was the more thorough of the two. Defendant argues that since Dr.

REPORT AND RECOMMENDATION - 6

West did not identify himself as a specialist in his evaluation report, it was proper for the ALJ to infer that he was not one. But the only basis for discerning Dr. Staker's specialty is the fact that she described herself as an orthopedic surgeon in the header of her narrative report – thereby indicating that report was provided using her own business stationary (see AR 457-59) – and the signature block on the state agency evaluation form accompanying that narrative report contains a specific section for listing a medical specialty (see AR 455).

Dr. West's evaluation report, on the other hand, was set forth in a standard format the Court often sees for such reports that does not contain a business header, and that contained no section for indicating one's medical specialty. See AR 332-37. Accordingly, it is not at all clear that Dr. West has no expertise in a relevant specialty area. Even if defendant is correct, though, the Commissioner's regulations do not provide that greater weight should be given to the opinion of an examining physician who is a specialist than to that of an examining physician who is not a specialist, but whose opinion is more thorough. See 20 C.F.R. § 404.1527(c), § 416.927(c). As such, the record does not clearly establish that Dr. Staker's report is entitled to greater weight than that of Dr. West. Accordingly, the undersigned cannot find the ALJ's determination to find otherwise is supported by substantial evidence at this time.

Defendant argues that nevertheless there is no error here as the ALJ properly accounted for Dr. West's opinion in assessing plaintiff's RFC.[2] The ALJ's RFC assessment, however,

---

[2] In assessing a claimant's RFC, the ALJ must identify that claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used both to determine whether a claimant can perform his or her past relevant work and, if necessary, to determine whether he or she can do other jobs existing in significant numbers in the national economy. See id. RFC is what the claimant "can still do despite his or her limitations," and is also the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. In addition, while in assessing a claimant's RFC the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments," the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

REPORT AND RECOMMENDATION - 7

makes no mention of any limitations in regard to pushing and pulling (see AR 20A), whereas Dr West expressly opined that pushing and pulling could be performed "at least rarely" (AR 337). Further, that limitation is vocationally significant as each of the jobs the vocational expert identified as someone with the residual functional capacity the ALJ assessed could do potentially involves a significant amount of pushing and/or pulling. See AR 501-02.[3] Given that the ALJ relied on the testimony of the vocational expert to find plaintiff capable of performing other jobs existing in significant numbers in the national economy, and therefore not disabled, at step five of the Commissioner's sequential disability evaluation process[4] (see AR 20E-20F), but did not present the vocational expert with the pushing and pulling limitation in the hypothetical question he posed (see AR 501), his determination of non-disability also cannot be said at this time to be

---

[3] The Dictionary of Occupational Titles ("DOT") contains strength definitions and job descriptions of the jobs the vocational expert identified that foreseeably involve the ability to push and/or pull. See DOT 713.687-018 (defining sedentary strength requirement in regard to job of final assembler as involving frequent lifting, carrying, pushing, pulling, or otherwise moving objects, where that job is further described as involving attaching and positioning various parts and pieces, using hand tools including screwdriver to insert and tighten screws); DOT 731.685-014 (same strength requirement definition in regard to job of stuffer, where that job is further described as involving tending machine, inserting wires, depressing pedals, placing toys in boxes, and potentially stuffing toys by hand); DOT 732.684-062 (same strength requirement definition in regard to job of fishing-reel assembler, where that job is further described as involving positioning both machine and other parts, screwing assembly to frame, using powered screwdriver, tightening nuts with wrench, rotating reel cranks, pulling fish line off spools, turning adjustment screws or knob, and operating presses and other hand tools). While admittedly it is not clear that these jobs would require the ability to push and/or pull at greater than on a "rarely" basis, this is an issue that is more appropriately addressed by vocational expert testimony, which did not occur in this case as discussed above.

[4] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's step five findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, although the ALJ may omit from the hypothetical question those limitations he or she finds do not exist, the description of the claimant's limitations contained in that question "must be accurate, detailed, and supported by the medical record." Id. (citations omitted); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 8

supported by substantial evidence.

II. <u>This Matter Should Be Remanded for Further Administrative Proceedings</u>

The Court may remand this case "either for additional evidence and findings or to award benefits." <u>Smolen</u>, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." <u>Id.</u>

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." <u>Smolen</u>, 80 F.3d at 1292; <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

<u>Smolen</u>, 80 F.3d 1273 at 1292; <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's physical functional limitations as discussed above, and therefore in regard to his RFC and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

REPORT AND RECOMMENDATION - 9

improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **January 31, 2014**, as noted in the caption.

DATED this 14th day of January, 2014.

*[signature]*

Karen L. Strombom
United States Magistrate Judge